### The Illinois & Texas Oil Company v. B. N. Boyer.

1. EVIDENCE—*when upon value of services incompetent.* It is error to permit a witness to give his opinion as to the value of services without requiring him to show sufficient knowledge to form an opinion.

2. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review on the ground that it is against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Coles county; the

Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

C. C. LEE and A. C. ANDERSON, for appellant.

ANDREWS & VAUSE, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Coles county against appellant to recover for extra labor in boring oil wells and recovered a verdict in the sum of $750. There was a judgment upon the verdict from which appellant has appealed.

Appellant first assigns as error the action of the court in overruling its motion for continuance of said cause. The assignment of error is without force as appellant preserved no exception to the action of the court in respect thereto. Upon page 154½ of the record this entry appears as a part of the bill of exceptions: "Whereupon the court refused to continue said cause on said motion and the defendant took no exception thereto."

Appellant next assigns as error that the verdict is contrary to the weight of the evidence, that incompetent evidence was received upon the part of appellee over the objection of appellant, and that the evidence clearly showed that a settlement had been made between the parties of all matters in dispute.

A consideration of all the evidence satisfies us that the verdict was not against the manifest weight of the evidence, but rather was in accord therewith.

The court was in error in allowing some of the witnesses for appellee to give an opinion as to the value per day of the services rendered by appellee for appellant, without first having shown themselves to possess sufficient knowledge, as to the value of such services, to express an opinion upon that subject. Yet such error could not have prejudiced appellant's cause in view of the fact that the value of appellee's

services was fully established by other evidence, to which no objection was made.

Whether or not a settlement was made between the parties as claimed by appellant was a question of fact alone for the determination of the jury. Upon the trial appellant asked the court to submit a special interrogatory to the jury in the following words: "Did the plaintiff and defendant settle the claim for cleaning and overtime for $290.06," which the court did, to which question the jury returned the answer, "No."

There was a sharp conflict in the evidence upon this question and the jury were better qualified to pass upon the credibility of the witnesses than we are. There was evidence in the case to warrant the answer so given and we cannot disturb the verdict in that respect. There is no prejudicial error in this record and the judgment is affirmed.

*Affirmed.*